UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BRIAN KEITH COMBS, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>PITTSYLVANIA COUNTY JAIL, )<br>)<br>Respondent. ) | Case no. 4:13-cv-00149-TWP-TAB |

**Entry and Order Dismissing Action**

**I.**

Brian Keith Combs is confined in a county detention facility in Virginia awaiting the trial or other disposition in No. 143GM0110801571. The referenced action is a criminal prosecution in which Combs is charged with obtaining money or property by false pretense. Combs explains in his petition, wherein he seeks the dismissal of the charge, that he is a resident of Indiana and that Virginia and its courts have no jurisdiction over him. Because Combs has not been convicted, his action for habeas relief is necessarily brought pursuant to 28 U.S.C. § 2241(c)(3).

"Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Thus, proper respondent in an action for habeas corpus relief is the petitioner's custodian. *al-Marri v. Rumsfeld*, 360 F.3d 707, 709 (7th Cir. 2004); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

Here, this court is without jurisdiction over Mr. Combs' custodian or any other official in Virginia. There is no logical or other connection between this court and the proceedings in Virginia, which this court has no authority to dismiss or otherwise affect.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). For the reasons explained above, that is the proper resolution of this case. The dismissal, however, shall be without prejudice. Judgment consistent with this Entry shall now issue.

## II.

Mr. Combs is detained pursuant to a judicial rather than an executive order. Accordingly, the court must determine whether a certificate of appealability is warranted. *Evans v. Circuit Court of Cook County,* 569 F.3d 665, 666 (7th Cir. 2009).

Pursuant to Federal Rule of Appellate Procedure 22(b), the discussion in *Evans*, and 28 U.S.C. § 2253(c)(1)(A), the court finds that Mr. Combs has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). As in *Evans,* the petitioner "certainly has not made a substantial showing of a need for federal intervention before all of his claims have been presented to the state judiciary and pursued through the usual appellate process after a final decision." 569 F.3d at 667 (citing cases). Even if there comes a point at which federal habeas jurisdiction could be properly invoked, moreover, that can only occur with respect to a court having *in personam* jurisdiction over the petitioner's custodian. This is not such a court with respect to the petitioner's confinement in Virginia. The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 09/26/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Brian Keith Combs
No. 11300862
Lynchburg Adult Detention Center
P.O. Box 6018
Lynchburg, VA 24505